# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK D. RILEY, ) | 1:09-cv-01012-BAK-SMS HC |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS CONTAINING UNEXHAUSTED CLAIMS |
| v. ) | |
| ) | ORDER REQUIRING PETITIONER TO FILE RESPONSE WITHIN THIRTY DAYS |
| JAMES HARTLEY, Warden, ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on May 29, 2009 in the United States District Court for the Central District of California, challenging the Board of Parole Hearings ("BPH") denial of eligibility for parole at a hearing on June 26, 2007. (Doc. 1). On June 10, 2009, the case was transferred to this Court. (Doc. 7). A preliminary review of the Petition, however, reveals that Petitioner's claim may be unexhausted.

**DISCUSSION**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by

1

a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would

control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner asserts in this petition that BPH's decision denying him parole eligibility was unsupported by "some" evidence.  Although Petitioner has submitted literally hundreds of pages of documents, the Court has searched in vain for any documentation establishing that Petitioner presented this claim to the California Supreme Court, thus exhausting the claim for federal review by this Court.   Moreover, in his petition, Petitioner indicates, under penalty of perjury, that he did not present this claim to the California Supreme Court in a petition for writ of habeas corpus.[1]  (Doc. 1, p. 5).  Also, in his Memorandum of Points and Authorities, Petitioner appears only to challenge the decision of the Superior Court of San Bernardino County denying his petition for writ of habeas corpus.  (Doc. 2, p. 5).  There is no reference to any other state court decision relating to the BPH's 2007 decision.  These factors understandably lead the Court to the conclude that Petitioner has presented this claim only to the Superior Court and not to the state supreme court.

From the foregoing, it appears that Petitioner's claim was never presented to the California Supreme Court.  If Petitioner has not presented his claim to the California Supreme Court, the Court must dismiss the petition.  See <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).  ***If Petitioner has presented his federal claim to the California Supreme Court and simply neglected to inform this Court, Petitioner must inform the Court of when and where he presented the claim to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling***

---

[1] Petitioner does indicate that he presented this claim to the California Supreme Court in a petition for review.  (Doc. 1, p. 5).  As discussed above, however, no evidence of any such proceedings is contained among the voluminous documents supplied by Petitioner with his petition.

3

1  *made by the California Supreme Court.*

## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for failing to exhaust state court remedies.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   September 22, 2009**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE